2014 CO 19

**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Matthew Francisco ALFARO, Respondent.**

**Supreme Court Case No. 11SC422**

Supreme Court of Colorado.

March 17, 2014

Attorneys for Petitioner: John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado.

Attorneys for Respondent: Douglas K. Wilson, Public Defender, Jason C. Middleton, Deputy Public Defender, Denver, Colorado.

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 The People petitioned for review of the court of appeals judgment in *People v. Alfaro*, No. 06CA314, 2011 WL 1843785 (Colo. App. May 12, 2011) (not published pursuant to C.A.R. 35(f)), which reversed Alfaro's various convictions for murder, burglary, and attempted kidnapping. On direct appeal, the court found that the trial court erred by allowing the defendant fewer peremptory challenges than authorized by statute and rule. Although the defendant failed to object to the trial court's interpretation of the applicable statute, the appellate court found that the trial court's error rose to the level of plain error, and it ordered Alfaro's convictions reversed and his sentences vacated.

¶ 2 Because the court of appeals did not apply the outcome-determinative standard, which today's holding in *People v. Novotny*, 2014 CO 18, 320 P.3d 1194, 2014 WL 1045961, makes mandatory for good faith errors impairing a defendant's capacity to shape the jury through peremptory challenges, the judgment is reversed, and the case is remanded for reconsideration under the proper standard.

## I.

¶ 3 A jury convicted Matthew Francisco Alfaro of felony murder, second degree murder, first degree burglary, and attempted kidnapping, for conduct arising from a fatal shooting. He appealed directly to the court of appeals contending, among other things, that reversal of his convictions was required because the trial court erred in depriving him of a peremptory challenge to which he was entitled by statute and rule.

¶ 4 The ruling out of which this assignment of error arose occurred during the jury selection process. When it became apparent that two alternate jurors would be selected, the prosecutor asserted that each side should be entitled to two additional peremptory challenges, one for each alternate juror to be seated. The trial court disagreed, interpreting the language of section 16–10–105, C.R.S. (2013), to provide for only one additional challenge, regardless of the number of alternates actually seated. Although present, defense counsel did not object or otherwise comment, either before or after the court's ruling. Each party was therefore permitted eleven peremptory challenges, and the defense exhausted all eleven of its challenges.

¶ 5 After paraphrasing the language of section 16–10–105 and section 13–71–142, C.R.S. (2013), and quoting from Crim. P. 24(e), the court of appeals noted that the People conceded a violation of Crim. P. 24(e), and it concluded that the applicable statutes and rule required the trial court to provide each party with an additional peremptory challenge for each alternate juror selected. Because the defendant failed to specifically object at trial, the court of appeals purported to apply a plain error standard. Without elaboration, it simply announced that the conditions it previously enumerated for a finding of plain error were met, and it reversed the defendant's convictions and sentences, citing with the restrictive signal "see," several cases requiring automatic reversal for denying a defendant his full num-

ber of peremptory challenges or otherwise impairing his capacity to use peremptory challenges to shape the composition of the jury.

¶ 6 We granted the People's petition for a writ of certiorari solely on the question whether a trial court's error depriving both sides of the opportunity to use one additional peremptory challenge is subject to harmless error review, and whether the court of appeals correctly found that such an error amounted to plain error, requiring reversal of the defendant's convictions.[1]

## II.

¶ 7 In *People v. Novotny*, 2014 CO 18, 320 P.3d 1194, 2014 WL 1045961, also announced by this court today, we overruled a line of precedents, which had presumed prejudice and therefore required reversal whenever a trial court ruling improperly impaired a defendant's capacity to use peremptory challenges to shape the ultimate composition of the jury, *see People v. Lefebre*, 5 P.3d 295, 305 (Colo.2000); *People v. Macrander*, 828 P.2d 234, 244 (Colo.1992). In overruling these cases, we found that erroneous good faith rulings effectively depriving a defendant of any peremptory challenge to which he would be statutorily entitled are in the nature of trial error rather than structural error. *Novotny*, ¶ 2. Because reversal as a remedy for trial error is appropriate, in the absence of express legislative mandate to the contrary, *only* where dictated by an outcome-determinative evaluation of the likelihood that the error affected the verdict; and because we determined that a good faith deprivation of peremptory challenges, even if erroneous, could not fall within the limited class of errors we now understand as structural, we concluded that a good faith but mistaken deprivation of any of a defendant's peremptory challenges, in whatever form that depriva-

tion may take, is not, in itself, grounds for reversal. *Id.* at ¶ 27.

¶ 8 Trial errors are subject to either a harmless or plain error analysis, depending upon compliance with any applicable mandate for contemporaneous objection. Crim. P. 52; *People v. Miller*, 113 P.3d 743, 749 (Colo.2005). Showing that error requires reversal because it rises to the level of plain error is not only more onerous than showing simply that the error is not harmless, but, in fact, error cannot rise to the level of plain error if it is harmless. *Hagos v. People*, 2012 CO 63, ¶ 14, 288 P.3d 116. As we have previously noted, trial error can rise to the level of plain error only if, at the very least, there is a reasonable possibility that it contributed to the defendant's conviction or sentence. *Tumentsereg v. People*, 247 P.3d 1015, 1019 (Colo.2011). While it requires an even greater showing, the plain error standard is therefore also outcome-determinative, in the sense that the appropriateness of reversal as a remedy is, at least in part, a function of the error's likely impact on the jury's verdict. *See id.*

¶ 9 Although the court of appeals purported to find plain error, it did so in reliance on our now-overruled precedents presuming prejudice and requiring automatic reversal for improperly impairing a defendant's use of peremptory challenges.[2] It clearly did not analyze the error in terms of, or make any finding concerning, the impact of the trial court's error on the jury's verdict in this particular case. The judgment of the court of appeals is therefore reversed, and the case is remanded for reconsideration under the appropriate standard.

JUSTICE HOOD dissents, and JUSTICE HOBBS joins in the dissent.

JUSTICE MÁRQUEZ does not participate.

---

1. Our grant of certiorari did not include review of the appellate court's interpretation of either section 16–10–105 or section 13–71–142, or the relationship between them and Crim. P. 24(e), and we express no opinion with regard to these questions.

2. To the extent this panel, and other panels of the court of appeals in the past, relied upon ancient

dictum from *Harris v. People*, 113 Colo. 511, 520, 160 P.2d 372, 377 (1945), distinguishing the remedy for challenges *propter affectum* from challenges *propter defectum*, whether or not that dictum was an accurate summary of the law at the time, it clearly can have no applicability to the structural error/trial error dichotomy to which we adhere today. *See Novotny*, ¶ 21.

JUSTICE HOOD, dissenting.

¶ 10 Today, in *People v. Novotny*, 2014 CO 18, 320 P.3d 1194, 2014 WL 1045961, this court overturns the automatic-reversal rule of *People v. Macrander*, 828 P.2d 234 (Colo. 1992), and the more than 100 years of Colorado common law on which it was based. I understand the court in this case to say no more on this issue than it does in *Novotny*. Therefore, for the same reasons articulated in my dissent to *Novotny*, I respectfully dissent here too.

I am authorized to state that Justice HOBBS joins in the dissent.