2014 CO 22

**The PEOPLE of the State of Colorado, Petitioner**

v.

**Daniel Lee ROLDAN, Respondent.**

**Supreme Court Case No. 11SC100**

Supreme Court of Colorado.

April 7, 2014

Attorneys for Petitioner: John W. Suthers, Attorney General, Christine C. Brady, Senior Assistant Attorney General, Denver, Colorado

Attorneys for Respondent: Douglas K. Wilson, Public Defender, Stephen C. Arvin, Deputy Public Defender, Denver, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 The People petitioned for review of the court of appeals judgment in *People v. Roldan*, —— P.3d ——, ——, 2011 WL 174248, No. 08CA2487 (Colo.App. Jan. 20, 2011), in which that court reversed Roldan' s conviction for theft by receiving and his sentence to three years probation. Upon concluding that the trial court abused its discretion in denying a challenge for cause on the grounds of juror bias, and that the defendant removed the prospective juror in question with a peremptory challenge and subsequently exhausted his remaining peremptory challenges, a majority of the division reversed, noting this court's rule of automatic reversal in *People v. Macrander*, 828 P.2d 234, 244 (Colo.1992). Judge Bernard filed a separate opinion, specially concurring and expressly soliciting our reconsideration of the requirement for automatic reversal under these circumstances. The People petitioned solely on this ground.

¶ 2 In *People v. Novotny*, 2014 CO 18, ¶ 27, 320 P.3d 1194, we overruled the automatic reversal rule announced in *Macrander*, holding that the reversal of a criminal conviction for other than structural error, in the absence of express legislative mandate or an appropriate case specific, outcome-determinative analysis, could no longer be sustained. We further found that allowing a defendant fewer peremptory challenges than authorized by statute or rule does not, in and of itself, amount to structural error. *Id.*

¶ 3 Because the court of appeals relied on the bright-line, automatic reversal rule of *Macrander*, rather than evaluating the likely effect of the trial court's error on the outcome of the specific case in which it occurred, and because the automatic reversal requirement of *Macrander* has now been overruled, the judgment of the court of appeals is reversed, and the case is remanded for reconsideration in light of our holding in *Novotny*.

JUSTICE HOOD dissents, and JUSTICE HOBBS joins in the dissent.

JUSTICE HOOD, dissenting.

¶ 4 In *People v. Novotny*, 2014 CO 18, ¶ 27, 320 P.3d 1194, this court overturned the automatic-reversal rule of *People v. Macrander*, 828 P.2d 234 (Colo.1992), and replaced it with an "appropriate case specific, outcome-determinative analysis." I dissented, in part because I am convinced that *Novotny* substitutes "*Macrander*'s rule mandating automatic reversal with a rule seeming to mandate automatic affirmance." *See Novotny*, ¶ 31 (Hood, J., concurring in part and dissenting in part). For the same reasons articulated in that dissent, I respectfully dissent here as well.

I am authorized to state that JUSTICE HOBBS joins in the dissent.