The Supreme Court of the State of Colorado 
2 East 14th Avenue • Denver, Colorado 80203

 2016 CO 10

Supreme Court Case No. 12SC826 
Certiorari to the Colorado Court of Appeals 
Court of Appeals Case No. 11CA482

Petitioner: 
Samuel J. Mulberger, 
 v. 
 Respondent: 
The People of the State of Colorado.

Judgment Affirmed 
en banc
February 22, 2016

Attorneys for Petitioner:

Douglas K. Wilson, Public Defender 
Kielly Dunn, Deputy Public Defender
Denver, Colorado
 Attorneys for Respondent:

Cynthia H. Coffman, Attorney General
Joseph G. Michaels, Assistant Attorney General 
Denver, Colorado

JUSTICE BOATRIGHT delivered the Opinion of the Court.
JUSTICE GABRIEL concurs in the judgment, and JUSTICE HOOD joins in the concurrence in the judgment.
 
 
¶1       This case requires us to interpret the statute that provides for challenges for cause to potential jurors in criminal cases. Specifically, we must determine the scope of the provision that directs trial courts to sustain a challenge to a potential juror who is a “compensated employee of a public law enforcement agency.” § 16-10-103(1)(k), C.R.S. (2015). At his trial for four driving offenses, petitioner Samuel J. Mulberger brought such a challenge to a juror who worked as a nurse at the El Paso County Jail through a contractual arrangement with a private agency, and who received compensation for such work from the private agency. The trial court denied the challenge for cause, concluding that the potential juror was not a compensated employee of the jail. Mulberger then used a peremptory challenge to dismiss the potential juror and ultimately exhausted all of his challenges. At the conclusion of the trial, the jury found Mulberger guilty of all charges. The court of appeals affirmed the trial court’s denial of the challenge for cause in a published opinion. Mulberger v. People, 2012 COA 149, ¶ 1, __ P.3d __. We subsequently granted certiorari on two issues relating to Mulberger’s challenge for cause.[1] We now affirm.
¶2       We hold that a “compensated employee of a public law enforcement agency,” as
used in section 16-10-103(1)(k), is a person who provides labor and services to, is paid by, and receives direction from a public law enforcement agency. In this case, the potential juror at issue provided labor to the El Paso County Jail, but she was not paid by the jail, nor does the record contain any evidence that she was subject to the jail personnel’s direction and control. The potential juror therefore was not a 
“compensated employee” of the jail under section 16-10-103(1)(k), and the trial court did not err in denying Mulberger’s challenge for cause. Because we find no error, we do not address the second issue in this case concerning the proper remedy for a trial court’s erroneous ruling on a challenge for cause. We accordingly affirm the judgment of the court of appeals.
I. Facts and Procedural History
¶3       The People charged Mulberger in El Paso County District Court with one count each of vehicular eluding, aggravated driving after revocation prohibited, following too closely, and driving an unregistered vehicle. During jury selection, the trial court stated that any potential juror who was a “compensated member of a public law enforcement agency” could not serve on the jury and then asked whether any of the potential jurors fit that classification. “Juror L” notified the court that, in addition to her work at a military hospital, she worked as a registered nurse for the El Paso County Jail. In later questioning from the court and defense counsel, Juror L clarified that she contracted with a private agency to work at the jail and that she worked at the jail only when she had the day off from her regular job and the jail had a need for nurses. When Juror L would work at the jail, the jail would pay the private agency, and the private agency would pay Juror L under her contract. At the time of voir dire, Juror L had not worked at the jail in “two or three weeks.”
¶4       Mulberger challenged Juror L for cause, arguing that her work at the jail
qualified her as a compensated employee of the El Paso County Jail. Mulberger also argued that, because of her job, Juror L had at least a “tenuous relationship with [a] prosecutorial or law enforcement arm of the state” that warranted her dismissal. See  People in the Interest of R.A.D., 586 P.2d 46, 47 (Colo. 1978). The trial court denied the challenge, finding that Juror L was not employed by the El Paso County Jail. Mulberger later used a peremptory challenge to remove Juror L and ultimately exhausted all of his challenges. Following trial, the jury found Mulberger guilty of all four charges.
¶5       Mulberger appealed, and the court of appeals affirmed the trial court in a
published opinion. Mulberger, ¶ 1. In its opinion, the court of appeals held that, while the El Paso County Jail was a public law enforcement agency, Juror L did not fall under section 16-10-103(1)(k) because she was not employed by, and did not receive compensation from, the El Paso County Jail. Id. at ¶¶ 8–10. Instead, Juror L had a contractual arrangement with a private agency and received compensation for any work she performed at the El Paso County Jail from that private agency. Id. at ¶ 10. In addition, the court of appeals noted that the record contained no evidence that Juror L was subject to the direction and control of the jail, further distinguishing her from an employee of the jail. Id. at ¶ 11.
¶6       We granted certiorari to determine whether a potential juror who contracts
through a private company to work at a county jail is a “compensated employee of a public law enforcement agency” under section 16-10-103(1)(k), and additionally what remedy is appropriate if the trial court erred in its ruling on the challenge for cause.
II. Standard of Review
¶7       This case requires us to interpret the statute governing challenges for cause to potential jurors. Statutory interpretation is a question of law, which we review de novo. People v. Johnson, 2015 CO 70, ¶ 9, 363 P.3d 169, 174.
III. Analysis
¶8       To interpret section 16-10-103(1)(k) and determine whether the trial court should have sustained Mulberger’s challenge for cause under that provision, we first discuss the basic underpinnings of challenges for cause. We then examine the specific statute at issue, which requires a trial court to sustain a challenge for cause to a potential juror who is a “compensated employee of a public law enforcement agency.” See § 16-10-103(1)(k). We hold that a “compensated employee of a public law enforcement agency,” as used in section 16-10-103(1)(k), is a person who provides labor and services to, is paid by, and receives direction from a public law enforcement agency. We then apply that definition to Mulberger’s case and conclude that Juror L is not a compensated employee of the El Paso County Jail and that therefore the trial court did not err in denying Mulberger’s challenge for cause.
A. Challenges for Cause to Potential Jurors
¶9       Criminal defendants have a constitutional right to a trial before a fair and impartial jury. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16; People v. Rhodus, 870 P.2d 470, 473 (Colo. 1994). “Within constitutional limitations, the legislature determines the qualifications for jury service.” People v. Novotny, 2014 CO 18, ¶ 7, 320 P.3d 1194, 1197 (citing People v. White, 242 P.3d 1121, 1124 (Colo. 2010)). In exercising this authority, the Colorado General Assembly has provided that both the defendant and the prosecution can challenge for cause potential jurors who possess actual or implied bias for or against either party. § 16-10-103(1); Crim. P. 24(b); Ma v. People, 121 P.3d 205, 209–10 (Colo. 2005); Rhodus, 870 P.2d at 472–73. The proponent of a challenge bears the burden of demonstrating a potential juror’s disqualification under the statute. People v. Rodriguez, 914 P.2d 230, 263 (Colo. 1996) (citing Wainwright v. Witt, 469 U.S. 412, 423 (1985)). If the trial court determines that a potential juror falls within one of the statutory grounds for causal challenges, her bias is implied by law and the trial court must sustain a challenge for cause against her. Novotny, ¶ 9, 320 P.3d at 1197; Rhodus, 870 P.2d at 473–74. However, “[i]n addressing the breadth of [section 16-10-103(1)(k)], we must bear in mind that a representative cross-section of the community is an essential component of the Sixth Amendment right to a trial by jury.” Binkley v. People, 716 P.2d 1111, 1112 (Colo. 1986); see also Washington v. People, 186 P.3d 594, 600 (Colo. 2008).
¶10       Within this framework, section 16-10-103(1) requires trial courts to sustain challenges for cause on specified grounds.[2] The only provision relevant to this case, however, is paragraph (k), which allows for challenges to potential jurors with specific employers—a “public law enforcement agency” or a public defender’s office. § 16-10-103(1)(k). We now turn to the language of that paragraph.
B. “Compensated Employee of a Public Law Enforcement Agency”
¶11       In interpreting the applicability of section 16-10-103(1)(k), we seek to “ascertain and give effect to the purpose and intent of the General Assembly in enacting it.” Johnson, ¶ 11, 363 P.3d at 175 (quoting Shaw v. 17 W. Mill St., LLC, 2013 CO 37, ¶ 13, 307 P.3d 1046, 1049). To do so, we first look to the plain meaning of the statutory language, reading words and phrases in context and construing them according to common usage unless they have acquired a technical or particular meaning, whether by legislative definition or otherwise. Id.; Ma, 121 P.3d at 210.
¶12       Section 16-10-103(1)(k) requires a court to sustain a challenge to a potential juror
who “is a compensated employee of a public law enforcement agency or a public defender’s office.” § 16-10-103(1)(k); see also Crim. P. 24(b)(1)(XII) (containing virtually identical language except omitting “compensated”). The chief concerns underlying this provision are “that one who is employed by a law enforcement agency will favor, or will be perceived to favor, the prosecution side of a criminal case,” Ma, 121 P.3d at 210 (citing R.A.D., 586 P.2d at 47), and, by analogy, that a compensated employee of a public defender’s office will favor, or will be perceived to favor, the defendant. Bearing those concerns in mind, we have previously determined that the plain language of the statute required the dismissal of such potential jurors as an assistant attorney general, Novotny, ¶ 13, 320 P.3d at 1198, a military police reservist, Ma, 121 P.3d at 207, and a security guard at the Colorado Bureau of Investigation, R.A.D., 586 P.2d at 47. However, we have rejected challenges for cause to such potential jurors as employees of private companies operating detention facilities, People v. Bonvicini, 2016 CO 11, ¶ 21, __ P.3d __, employees of the Department of Homeland Security and the Transportation Security Administration, People v. Speer, 255 P.3d 1115, 1117 (Colo. 2011), and a county clerk and recorder, Rhodus, 870 P.2d at 471–72.
¶13       As these cases reflect, section 16-10-103(1)(k) is concerned with the perception of prejudice, but in that paragraph the General Assembly aimed to address that concern only with respect to a specific subset of potential jurors: compensated employees of public law enforcement agencies and public defender’s offices. Hence, the statute implies a bias for potential jurors who meet those statutory definitions. We may not, however, extend that implied bias beyond the specific occupations included in the statute. Rhodus, 870 P.2d at 477; see also Bonvicini, ¶ 18 (disavowing a dictum from R.A.D. suggesting that trial courts must sustain challenges to potential jurors who have “even a tenuous relationship” to law enforcement); People v. Veloz, 946 P.2d 525, 529 (Colo. App. 1997) (“We may not assume the General Assembly intended to include individuals who volunteer for public law enforcement agencies, even on a nearly full-time basis, within the reach of § 16-10-103(1)(k).” (citing Binkley, 716 P.2d at 1114)).
¶14       Turning to the specific language of the statute, we note first that the parties do not dispute that the El Paso County Jail is a “public law enforcement agency.” Thus, that portion of the statute is not at issue here. The heart of the question, then, is what constitutes a “compensated employee of” such an agency. We next examine the plain language of that statutory phrase.
¶15       The commonly accepted meaning of “compensated” is to receive payment in consideration for services rendered to another. See People v. Coleman, 844 P.2d 1215, 1218 (Colo. App. 1992); Black’s Law Dictionary 321 (9th ed. 2009). “Employee,” in turn, means a person who renders services to another (the employer) and is subject to the employer’s right to control the details of performance. See Norton v. Gilman, 949 P.2d 565, 567 (Colo. 1997); Black’s Law Dictionary 602. Receipt of payment from the employer is another factor tending to suggest the existence of an employment relationship. Norton, 949 P.2d at 567; see also People v. Gilbert, 12 P.3d 331, 335 (Colo. App. 2000) (“An ‘employee’ has been defined as one who renders labor or services to another for salary or wages.” (citing, inter alia, Black’s Law Dictionary 543 (7th ed. 1999))). Therefore, taken together, “compensated” and “employee” in the statute emphasize that a potential juror must work for the relevant public law enforcement agency, receive consideration for that work, and work under the agency’s direction and control.
¶16       Additionally, the preposition “of” is a function word that denotes a relationship between two parts of a sentence or phrase. Webster’s New College Dictionary 1000 (2005). As it is used in section 16-10-103(1)(k), the preposition “of” logically signifies a direct relationship between ”compensated employee” and “public law enforcement agency”; in other words, the potential juror must be both compensated by and employed by a public law enforcement agency. See id. (equating “of” with “by”). The statute’s plain language makes no indication that it intends to cover any contractual or other relationships beyond this traditional and direct employment relationship. See Smith v. Exec. Custom Homes, Inc., 230 P.3d 1186, 1190 (Colo. 2010) (“[W]e must refrain from going beyond the plain meaning of the statute to ‘accomplish something the plain language does not suggest.’” (quoting Scoggins v. Unigard Ins. Co., 869 P.2d 202, 205 (Colo. 1994))). While volunteers, private contractors, and others may provide services to public law enforcement agencies, their lack of direct compensation or direction from the public law enforcement agency places them outside of the statute’s scope in light of the General Assembly’s choice to distinguish “compensated employee[s]” from all other potential jurors. See Binkley, 716 P.2d at 1114 (“[I]f the legislature intended to include [unlicensed law school graduates and other persons formally trained in law] within the challenge for cause created by section 16-10-103(1)(k), [C.R.S. (1978),] it is reasonable to assume that it would have cast the statutory language in those specific terms and would not have used the much more restrictive word ‘lawyer’ in the statute.”); Henisse v. First Transit, Inc., 247 P.3d 577, 580 (Colo. 2011) (“The General Assembly had the opportunity to include drivers employed by independent contractors who contract with RTD as ‘public employee[s]’ [under the Colorado Governmental Immunity Act] but chose not to do so.”). Accordingly, “compensated employee” in section 16-10-103(1)(k) means a person who provides labor and services to, is paid by, and receives direction from a public law enforcement agency.
¶17       With this understanding in mind, we now determine whether Juror L qualifies as a compensated employee of a public law enforcement agency under section 16-10-103(1)(k).
C. Application
¶18       Considering the facts on record in this case, we conclude that Juror L is not a “compensated employee of a public law enforcement agency” for purposes of section 16-10-103(1)(k).[3] While Juror L does provide labor and services to the El Paso County Jail, Mulberger did not produce evidence sufficient to show that her work arrangement possessed the other two hallmarks necessary to qualify her as a “compensated employee” of the jail under the statute.
¶19       First, Juror L is not paid by a public law enforcement agency, and so she cannot be considered a compensated employee of one. While Juror L’s contractual arrangement with a private agency leads her to occasionally work at the El Paso County Jail, she does not directly receive compensation from the jail. That the El Paso County Jail pays the private agency for supplying nurses such as Juror L to the jail is immaterial: The fact remains that Juror L is paid by the private agency and not by the El Paso County Jail like an employee under the statute would be.
¶20       Second, the record does not contain any evidence that Juror L was subject to the jail personnel’s direction and control. While the jail’s need for nurses dictated whether Juror L worked and received compensation under her contract with the private agency, Mulberger failed to produce evidence sufficient to show that the jail had control over how she performed her job as a nurse. See Rodriguez, 914 P.2d at 263.
¶21       Thus, Juror L does not qualify as a compensated employee of a public law enforcement agency under section 16-10-103(1)(k). We therefore conclude that the court of appeals did not err in affirming the trial court’s denial of Mulberger’s challenge for cause to Juror L.
IV. Conclusion
¶22       For the foregoing reasons, we conclude that an individual who contracts with a private agency to provide services at a publicly operated county jail, and who receives payment from the private agency rather than the jail, is not a compensated employee of a public law enforcement agency for purposes of section 16-10-103(1)(k). Because we find no error, we do not address the second issue in this case concerning the proper remedy for a trial court’s erroneous ruling on a challenge for cause. We therefore affirm the court of appeals.

[1] We granted certiorari to review the following issues:
1. Whether the court of appeals erred in concluding that a juror who was a contract employee of a county jail was not an employee of a public law enforcement agency for purposes of section 16-10-103(1)(k), C.R.S. (2015).
2. Whether automatic reversal is required when the trial court erroneously denies a challenge for cause and the defendant then uses a peremptory challenge to remove the potential juror and exhausts his peremptory challenges. 
[2] Section 16-10-103(1) reads in its entirety as follows The court shall sustain a challenge for cause on one or more of the following grounds:
(a) Absence of any qualification prescribed by statute to render a person competent as a juror;
(b) Relationship within the third degree, by blood, adoption, or marriage, to a defendant or to any attorney of record or attorney engaged in the trial of the case;
(c) Standing in the relation of guardian and ward, employer and employee, landlord and tenant, debtor and creditor, principal and agent to, or being a member of the household of, or partner in business with, or surety on any bond or obligation for any defendant;
(d) The juror is or has been a party adverse to the defendant in a civil action or has complained against or been accused by him in a criminal prosecution;
(e) The juror has served on the grand jury which returned the indictment, or on a coroner’s jury which inquired into the death of a person whose death is the subject of the indictment or information, or any other investigatory body which inquired into the facts of the crime charged;
(f) The juror was a juror at a former trial arising out of the same factual situation or involving the same defendant;
(g) The juror was a juror in a civil action against the defendant arising out of the act charged as a crime;
(h) The juror was a witness to any matter related to the crime or its prosecution
(i) The juror occupies a fiduciary relationship to the defendant or a person alleged to have been injured by the crime or the person on whose complaint the prosecution was instituted;
(j) The existence of a state of mind in the juror evincing enmity or bias toward the defendant or the state; however, no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at trial;
(k) The juror is a compensated employee of a public law enforcement agency or a public defender’s office.
[3] Mulberger notes that Crim. P. 24(b)(1)(XII) omits the word “compensated.” In part because we granted certiorari specifically to determine the applicability of section 16-10-103(1)(k), see supra note 1, and in part because, under the facts of this case, Juror L does not fall within the scope of either the statute or the rule, we need not address any possible tension between the statute and the rule. 
 
 
 
JUSTICE GABRIEL concurs in the judgment, and JUSTICE HOOD joins in the concurrence in the judgment.
JUSTICE GABRIEL, concurring in the judgment.
¶23       In his concurring opinion in PDK Laboratories Inc. v. United States Drug Enforcement Administration, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment), then-Judge and now-Chief Justice John Roberts noted the “cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.” In this case, the majority concludes that an individual who contracts with a private agency to provide services at a publicly-operated county jail and who is paid by the private agency is not a compensated employee of a public law enforcement agency for purposes of section 16-10-103(1)(k), C.R.S. (2015). Maj. op. ¶ 22. The majority thus affirms the court of appeals division’s decision.

¶24 Although I agree that the division’s ultimate determination should be affirmed, in my view, our decision in People v. Novotny, 2014 CO 18, 320 P.3d 1194, is dispositive, and we therefore need not—and should not—reach the merits of the statutory interpretation question presented. See PDK Labs., 362 F.3d at 799 (Roberts, J., concurring in part and concurring in the judgment). Accordingly, I respectfully concur in the judgment only.

I. Novotny
¶25       In Novotny, ¶ 27, 320 P.3d at 1203, we overruled our decision in People v. Macrander, 828 P.2d 234, 244 (Colo. 1992), in which we had held that a trial court’s erroneous denial of a challenge for cause required reversal if the defendant then exercised a peremptory challenge to remove the challenged juror and exhausted all of his or her remaining peremptory challenges. We thus concluded that (1) allowing a defendant fewer peremptory challenges than authorized, or than available to and exercised by the prosecution, is not, in and of itself, structural error; and (2) reversal for other than structural error is appropriate only when dictated by a case-specific, outcome-determinative evaluation of the likelihood that the error affected the verdict. Novotny, ¶ 27, 320 P.3d at 1203.
¶26       The outcome-determinative evaluation to which we referred requires an assessment of harmlessness, under which a defendant must show prejudice to obtain reversal. Id. at ¶¶ 2, 18–23, 27, 320 P.3d at 1196, 1200–03; accord id. at ¶ 30, 320 P.3d at 1203 (Hood, J., concurring in part and dissenting in part). Most courts that have addressed the question, including divisions of our court of appeals, have concluded that to make such a showing of prejudice, a defendant ordinarily must show that a biased or incompetent juror participated in deciding the defendant’s guilt. See, e.g., People v.  Wise, 2014 COA 83, ¶ 28, 348 P.3d 482, 489 (collecting cases), cert denied, No. 14SC678, 2015 WL 1610548 (Colo. Apr. 6, 2015).
¶27       Here, Mulberger has not asserted that a biased or incompetent juror participated in deciding his guilt. Accordingly, even if he were correct that the trial court and the division of the court of appeals erred in denying his challenge for cause, any error would have been harmless. See id. at ¶ 29, 348 P.3d at 489. Accordingly, I would affirm without reaching the merits of the statutory interpretation question that Mulberger presents.
¶28       I am not persuaded otherwise by Mulberger’s contentions that (1) Novotny did not address the question of retroactivity and did not indicate the proper remedy if Novotny applies; (2) the application of Novotny to this case would violate Mulberger’s due process rights because Novotny announced a new rule without fair warning; and (3) even if Novotny could apply, Mulberger is entitled to a remand to allow him to try to show that an “undesirable” or “objectionable” juror whom he would have removed with an additional peremptory challenge sat on his jury. For several reasons, I cannot agree.
¶29       First, we applied the Novotny rule in Novotny itself, remanding the cases there before us to consider whether the errors in those cases were harmless under the proper outcome-determinative test. See Novotny, ¶ 27, 320 P.2d at 1203. Accordingly, we at least implicitly indicated that Novotny should be applied to pending cases, and notwithstanding Mulberger’s assertion to the contrary, we expressly suggested the proper remedy for when Novotny applies, namely, a remand for a harmless error analysis.
¶30       Second, for the reasons set forth by the division in Wise, ¶¶ 10–11, 348 P.3d at 486, it is not at all clear to me that applying Novotny would constitute a retroactive application of a change in the law. Specifically, as the division in Wise observed, the holding in Novotny does not affect the process for challenging prospective jurors for cause, the standards applicable to the determination of any such challenge, or any matter pertinent to the use of peremptory challenges. Id. at ¶ 11, 348 P.3d at 486. Nor does it make criminal that which was not, alter any burden of proof, affect the admissibility or weight of evidence, or enhance a defendant’s punishment. Id.  Accordingly, the holding in Novotny had no legal effect on the proceedings in the district court. Id. Rather, it changed only the framework for determining whether the appellate court must reverse a conviction because a defendant used a peremptory challenge to excuse a juror whom the defendant had unsuccessfully challenged for cause. Id. And applying Novotny here would not be applying it to a prior appeal but rather to a pending appeal as to which the appellate remedy is not yet final. Id. 
¶31       Third, even if the application of Novotny here could be said to be retroactive, I could not say that Novotny resulted in a new rule of law that was wholly unforeseeable to Mulberger. The automatic reversal rule was not definitively adopted in Colorado until our 1992 decision in Macrander, 828 P.2d at 244. Thereafter, a series of United States and Colorado Supreme Court cases cast doubt on the validity of the automatic reversal rule, at least as a matter of federal constitutional law, and by the time of Mulberger’s trial, only a minority of states adhered to the automatic reversal rule, and the federal courts had rejected it. See Wise, ¶ 14, 348 P.3d at 486–87 (collecting cases).
¶32       Finally, with respect to Mulberger’s contention that if Novotny applies, then he is entitled to a remand, he asserts that Novotny should be interpreted to find prejudice when a defendant exhausts his peremptory challenges and a juror who was “undesirable” or “objectionable” to the defendant (i.e., one against whom the defendant would have exercised a peremptory strike if one were available) remains on the jury. In support of this argument, Mulberger cites a number of out-of-state cases that have adopted such a standard. See, e.g., State v. Ross, 849 A.2d 648, 670 (Conn. 2004); Busby v. State, 894 So. 2d 88, 96–97 (Fla. 2004); Hanson v. State, 72 P.3d 40, 48–49 (Okla. Crim. App. 2003); Johnson v. State, 43 S.W.3d 1, 5–6 (Tex. Crim. App. 2001).
¶33       Were I writing on a blank slate, I might be persuaded to adopt such a standard, which seeks to give effect to the distinction between challenges for cause and peremptory challenges. I, however, am not writing on a blank slate. Rather, in Novotny, ¶ 27, 320 P.3d at 1203, we concluded that reversal based on an erroneous denial of a challenge for cause is appropriate only when dictated by an outcome-determinative evaluation of the likelihood that the error affected the verdict. I believe that such an evaluation can be made under existing law, and I perceive no need to adopt a new test for prejudice here. See People v. Hankins, 2014 COA 71, ¶¶ 31–32, 361 P.3d 1033, 1039 (noting that whether jurors can give a defendant a fair trial can be determined by existing law and thus perceiving no need to develop a new test that would turn on the defendant’s subjective determination that a prospective juror is objectionable or undesirable), cert denied, No. 14SC552, 2015 WL 7176433 (Colo. Nov. 16, 2015).
II. Conclusion
¶34       For these reasons, I would affirm the division’s decision by relying on Novotny and would not reach the merits of the statutory interpretation question that Mulberger presents. Accordingly, I respectfully concur in the judgment only.
I am authorized to state that JUSTICE HOOD joins in this concurrence in the judgment.