The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
October 10, 2024

**2024COA111**

**No. 23CA0521, *People v. Hernandez-Escajeda* — Criminal Law — Appeals — Resentencing on Remand**

A division of the court of appeals holds that a district court generally has the inherent authority to resentence on a defendant's remaining convictions on remand following the vacatur of a conviction that resulted in a reduced aggregate sentence.  The division also concludes that a district court has the authority to take actions on remand that are not specifically directed by the appellate mandate but do not contravene the mandate.

Court of Appeals No. 23CA0521
Jefferson County District Court No. 17CR2800
Honorable Russell Klein, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Octavio Hernandez-Escajeda,

Defendant-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE NAVARRO
Dunn and Gomez, JJ., concur

Announced October 10, 2024

Alexis King, District Attorney, Rebecca A. Adams, Senior Appellate Deputy
District Attorney, Golden, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Kamela Maktabi, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellee

¶ 1     The prosecution appeals the district court's order concluding that it lacked authority to resentence defendant, Octavio Hernandez-Escajeda, because of the remand instructions in *People v. Hernandez-Escajeda*, (Colo. App. No. 19CA1519, July 7, 2022) (not published pursuant to C.A.R. 35(e)) (*Hernandez-Escajeda I*). We disagree with the district court and, in doing so, address a district court's inherent authority to resentence on remand absent contrary directions from an appellate court. Therefore, we reverse the order and remand for further proceedings consistent with this opinion.

## I.     Background

¶ 2     The prosecution initially charged Hernandez-Escajeda with twenty-four counts — including burglary, kidnapping, and assault — involving three victims. The prosecution later added two sexual assault charges.

¶ 3     In exchange for the dismissal of all those counts, Hernandez-Escajeda pleaded guilty to added counts of first degree burglary, first degree assault, and a crime of violence sentence enhancer that applied to both the burglary and assault counts. Hernandez-Escajeda affirmed that, among other things, he understood that

1

(1) the sentencing range for each of the two substantive counts was ten to thirty-two years in the custody of the Department of Corrections (DOC), and (2) those two sentences would run consecutively. *Hernandez-Escajeda I*, slip op. at ¶ 2.

¶ 4 The district court sentenced Hernandez-Escajeda to two consecutive DOC sentences of twenty-two years each, for an aggregate sentence of forty-four years.

¶ 5 Hernandez-Escajeda did not directly appeal the judgment of conviction. Instead, he filed a Crim. P. 35(b) motion for sentence reconsideration, which the court denied, explaining that "sentencing decisions are made very carefully after full consideration of all relevant circumstances. The [c]ourt finds that circumstances have not changed sufficiently since the time of sentencing until the present date to warrant this [c]ourt to reconsider the previously imposed sentence."

¶ 6 Later, Hernandez-Escajeda filed a pro se Crim. P. 35(c) motion for postconviction relief. The district court appointed counsel for him, and postconviction counsel filed two supplemental postconviction motions on his behalf. As relevant here, Hernandez-Escajeda claimed that (1) his convictions and consecutive sentences

2

for first degree burglary and first degree assault violated his constitutional right to be free from double jeopardy, and (2) his convictions and sentences on those two counts were illegal because they were supported by identical facts.

¶ 7     The district court summarily denied the postconviction motion.  But on appeal, a division of this court concluded that Hernandez-Escajeda's convictions for first degree burglary and first degree assault must merge.  *Hernandez-Escajeda*, ¶¶ 37-41.  Consequently, the division affirmed in part, reversed in part, and remanded with directions.  In the portion of the opinion containing the remand instructions, the division "remanded to the district court with directions to vacate Hernandez-Escajeda's conviction for first degree assault and correct the mittimus accordingly."  *Id.* at ¶ 42.

¶ 8     On remand, the district court set a hearing to consider the division's opinion and mandate.  In response (and before that hearing), the prosecution requested resentencing in accordance with *People v. Johnson*, 2015 CO 70.  Hernandez-Escajeda objected, asserting that the court could not resentence him on the remaining substantive count (first degree burglary) but could only perform the

3

actions specifically mentioned in the remand language in *Hernandez-Escajeda I.*

¶ 9 At a hearing on the issue, the district court discussed *Johnson* but ultimately agreed with the defense's position. Specifically, the court emphasized that the division in *Hernandez-Escajeda I* did not remand for "resentencing" but instead remanded with directions to vacate the first degree assault conviction and "correct the mittimus accordingly." Therefore, the court believed that the *only* action it could take on remand was to correct the mittimus by vacating the first degree assault conviction.

¶ 10 The court then issued an amended mittimus merging Hernandez-Escajeda's first degree assault conviction into his first degree burglary conviction. So all that remains on the mittimus is the first degree burglary conviction, the crime of violence sentence enhancer, and the twenty-two-year DOC sentence on the first degree burglary conviction.

## II. Analysis

¶ 11 We have jurisdiction to hear the prosecution's appeal because, as both parties recognize, whether the district court had authority to resentence Hernandez-Escajeda on remand from

*Hernandez-Escajeda I* presents a question of law. *See* § 16-12-102(1), C.R.S. 2024; *People v. Madrid*, 2023 CO 12, ¶ 37.

¶ 12     We review questions of law de novo. *Madrid*, ¶ 37. We conclude that reversal is warranted. In our analysis, we address the following issues: (1) whether, as a rule, a district court has the inherent authority to resentence a defendant under circumstances similar to those here; (2) if so, whether the court's authority was limited by the fact that the successful appeal in *Hernandez-Escajeda I* occurred in the postconviction context; and (3) the impact of the particular remand instructions in *Hernandez-Escajeda I.*

### A.     The District Court's Inherent Authority to Resentence On Remand

¶ 13     When moving for resentencing, the prosecution relied on the supreme court's decision in *Johnson*, which addressed a district court's resentencing authority following an appellate remand. There, a jury found the defendant guilty of sexual assault, first degree kidnapping, and possession of a controlled substance. *Johnson*, ¶ 4. He was sentenced to concurrent DOC sentences of, respectively, twenty years to life, twenty years, and six years (for an

aggregate sentence of twenty years to life). *Id.* On direct appeal, a division of this court concluded that the district court had erred by rejecting, after first accepting, a plea agreement under which the defendant had pleaded guilty to *only* the possession charge. *Id.* at ¶ 5. The division reversed the convictions, vacated the sentences, and remanded for the district court to reinstate the defendant's guilty plea to possession of a controlled substance and to sentence him on that conviction. *Id.* at ¶¶ 1, 5.

¶ 14     On remand, the district court imposed a sentence of twelve years for possession of a controlled substance — double the original sentence on that conviction. *Id.* at ¶ 6. The defendant appealed again, claiming, among other things, that the increased sentence violated his due process rights. *Id.* at ¶ 7. Agreeing with him, a division of this court applied a presumption of vindictiveness to the increased sentence and (because no new information justified the new sentence) concluded that there was a reasonable likelihood that the sentence was the result of actual vindictiveness for the defendant's successful first appeal. *Id.*

¶ 15     The supreme court granted review to address the scope of the district court's resentencing authority under these circumstances —

6

that is, to consider "whether the [district] court violated [the defendant's] statutory and constitutional rights by increasing his sentence on the remaining conviction on remand following his successful appeal on his other convictions." *Id.* at ¶ 1. The supreme court pointed out that, "[a]s a general matter, [district] court judges possess significant discretion in determining an appropriate sentence," including "during a resentencing on remand." *Id.* at ¶ 21. Therefore, to protect a district court's discretion during a resentencing on remand, "the presumption of vindictiveness is a narrow one." *Id.*

¶ 16 The supreme court adopted the "aggregate approach," under which the presumption of vindictiveness applies "where changes to the defendant's sentence on remand cause the *aggregate* total sentence to increase as compared to the original *aggregate* sentence." *Id.* at ¶ 25 (emphasis added). *See generally id.* at ¶¶ 24-37. In approving that approach, the supreme court relied in part on *People v. Woellhaf*, 199 P.3d 27 (Colo. App. 2007), a case where the supreme court had concluded that some of the defendant's convictions must merge and remanded for resentencing, after which the defendant argued in a second appeal that the new sentence

violated his due process rights. *See Johnson,* ¶¶ 27-28. A division of this court held that the presumption of vindictiveness did not apply to the new sentence because the aggregate period of incarceration did not increase from the original sentence to the new sentence on remand. *See Woellhaf,* 199 P.3d at 31-32.

¶ 17    The supreme court also discussed with approval an opinion from the Fifth Circuit Court of Appeals, in which that court said, "the aggregate approach best reflects the realities faced by district court judges who sentence a defendant on related counts of an indictment. Sentencing is a fact-sensitive exercise that requires district [court] judges to consider a wide array of factors when putting together a 'sentencing package.'" *Johnson,* ¶ 28 (quoting *United States v. Campbell,* 106 F.3d 64, 68 (5th Cir. 1997)).

¶ 18    The supreme court explained that the presumption of vindictiveness did not apply in *Johnson* because the defendant's aggregate sentence after resentencing did not exceed his original aggregate sentence. *Id.* at ¶ 39. The court then concluded that the defendant failed to prove that the district court acted out of actual vindictiveness. *Id.* at ¶¶ 42-43.

¶ 19    Although the supreme court ultimately resolved a due process claim alleging vindictive resentencing, we conclude that its reasoning recognizes that, following a defendant's "successful appeal on his other convictions," a district court has the inherent authority to resentence the defendant on convictions that remain on remand, at least where the defendant's initial appeal results in a reduced aggregate sentence. *Id.* at ¶¶ 1, 37. True, the remand instructions at issue in *Johnson* had directed the district court to resentence, but we see nothing in the supreme court's analysis that makes this fact essential to a district court's resentencing authority.[1] (We say more on this point below in Part II.B.) Consistent with our view, a division of this court has cited *Johnson* for the proposition that, "[i]n multicount cases, judges typically craft sentences on the various counts as part of an overall sentencing scheme, but when a count is vacated and that scheme unravels, they should have the discretion to reevaluate the

---

[1] We note that resentencing was necessary in *People v. Johnson*, 2015 CO 70, because the first division of this court had reversed and vacated the entire judgment arising from the jury verdicts, including all the sentences. For this reason, we presume, the division explicitly addressed resentencing.

underlying facts and sentences on the remaining counts." *People v. Johnson*, 2016 COA 15, ¶ 25 (involving a different defendant with the surname Johnson).

¶ 20     We are not persuaded otherwise by Hernandez-Escajeda's suggestion that, absent a successful postconviction proceeding, a district court's resentencing authority is necessarily extinguished after a conviction and sentence have become final. He says his sentence for first degree burglary is "not subject to resentencing on remand" because it is final and valid, and he cites *People v. Heredia* for the proposition that "a [district] court loses jurisdiction upon imposition of a valid sentence except under circumstances specified in Crim. P. 35." 122 P.3d 1041, 1043 (Colo. App. 2005) (alteration omitted) (quoting *People v. Mortensen*, 856 P.2d 45, 47 (Colo. App. 1993)). This proposition is consistent with the general rule that a judgment of conviction and sentence becomes final (1) if a defendant does not pursue a direct appeal or (2) on the conclusion of a direct appeal affirming the judgment. *See Hunsaker v. People*, 2021 CO 83, ¶¶ 28, 36.

¶ 21     As *Heredia* recognizes, however, a Rule 35 motion may disturb the finality of a judgment, and it did so here. When the division in

*Hernandez-Escajeda I* vacated one of Hernandez-Escajeda's convictions and remanded for correction of the mittimus, the mittimus reflecting the original judgment of conviction could no longer stand. *See Woellhaf*, 199 P.3d at 31 ("Where, as here, a defendant challenges his or her judgment of conviction and entire sentencing plan, the defendant loses any expectation of finality of his or her sentences."). As part of the remand proceedings, the prosecution requested resentencing on the remaining substantive conviction, and the district court addressed this request before amending the mittimus. In other words, the prosecution's request was part and parcel of the postconviction proceedings, the related appeal, and the remand.

¶ 22     Our conclusion is supported by federal case law indicating that, in the context of a successful postconviction motion to vacate a conviction, a district court retains the discretion to resentence the defendant on any remaining convictions. *See United States v. Mixon*, 115 F.3d 900, 901-03 (11th Cir. 1997); *United States v. Harrison*, 113 F.3d 135, 137 (8th Cir. 1997); *United States v. Davis*, 112 F.3d 118, 123 (3d Cir. 1997); *United States v. Hillary*, 106 F.3d 1170, 1171-73 (4th Cir. 1997).

B.    The Remand Instructions in *Hernandez-Escajeda I*

¶ 23    Having concluded that a district court generally has inherent authority to resentence on remaining convictions after an appellate mandate vacates a conviction, we now address whether, in this case, the district court's authority on remand was limited *solely* to taking the actions specifically directed by the *Hernandez-Escajeda I* division — namely, correcting the mittimus by vacating the first degree assault conviction.  We conclude that it was not.

¶ 24    The division's direction in *Hernandez-Escajeda I* to perform a particular action did not amount to a prohibition on any other action that the district court had the authority to perform on remand, provided that such other action did not conflict with the remand instructions.  *See Oster v. Baack*, 2015 COA 39, ¶ 15 ("Although a district court must follow the appellate court mandate in subsequent proceedings on remand, it may entertain additional motions that do not, expressly or by necessary implication, contravene the mandate.") (citation omitted).  That the division in *Hernandez-Escajeda I* did not expressly direct the district court to resentence Hernandez-Escajeda on the remaining substantive count did not limit the court's authority to do so.  Based on the reasoning

12

in *Johnson*, 2015 CO 70, we conclude that the district court had that inherent authority. Moreover, federal cases support our conclusion. *See United States v. Hicks*, 146 F.3d 1198, 1202 (10th Cir. 1998) ("[A]fter we vacate a count of conviction that is part of a multi-count indictment, a district court 'possesses the inherent discretionary power' to resentence a defendant on the remaining counts *de novo* unless we impose specific limits on the court's authority to resentence.") (citation omitted); *United States v. Shue*, 825 F.2d 1111, 1114 (7th Cir. 1987) ("[D]espite the previous panel's failure to vacate explicitly the sentencing package and remand for resentencing, we hold that the district court had the authority to reevaluate the sentencing package in light of the changed circumstances and resentence the defendant . . . .").

¶ 25 In arguing to the contrary, Hernandez-Escajeda relies on other cases, like *Hernandez-Escajeda I*, in which Colorado appellate courts (1) concluded that merger was required on certain convictions and (2) remanded for correction of the mittimus without mentioning the possibility of resentencing. For two reasons, we think his reliance on those cases is misplaced.

¶ 26    First, the question whether resentencing on the remaining convictions could occur on remand was neither asked nor answered in those cases. Hence, those cases do not inform our resolution of the issue here.

¶ 27    Second, in those cases, the merger did not affect the defendant's *total aggregate sentence*. *See, e.g.*, *Whiteaker v. People*, 2024 CO 25, ¶¶ 4, 30 (reversing and remanding for the district court to amend the mittimus to reflect the merger of two convictions, without mentioning resentencing, where the three-year probationary sentences on each count were imposed *concurrently*); *Friend v. People*, 2018 CO 90, ¶¶ 7-8, 49 (reversing and remanding for the district court to amend the mittimus to reflect the merger of convictions, without mentioning resentencing, where the merger did not affect the defendant's operative sentence of life in prison without the possibility of parole).

¶ 28    In this case, however, the district court imposed two *consecutive* DOC sentences of twenty-two years each, resulting in an aggregate sentence of forty-four years. The result in *Hernandez-Escajeda I* affected Hernandez-Escajeda's aggregate sentence because he now has only one conviction with a

14

twenty-two-year sentence. We conclude that the district court has the discretion to resentence Hernandez-Escajeda on the remaining conviction if it deems resentencing appropriate.

¶ 29    On the last point, we disagree with the prosecution that the district court on remand is *required* to resentence Hernandez-Escajeda. The prosecution relies on *People v. Lacallo*, 2014 COA 78, *overruled on other grounds by McCoy v. People*, 2019 CO 44, but there, the division vacated the defendant's "entire sentence" on numerous counts and remanded for resentencing. *Id.* at ¶¶ 39-43. So the defendant's convictions remained, but resentencing was required on those convictions. Here, in contrast, the division in *Hernandez-Escajeda I* vacated only one of Hernandez-Escajeda's convictions and sentences. On his conviction for first degree burglary, he still has a legal sentence. So resentencing on that count is not required. Instead, the district court has the discretion to decide whether to resentence Hernandez-Escajeda on that count.

¶ 30    The prosecution also cites language from *Johnson* that, according to the prosecution, holds that a district court is required to reassess the sentence and exercise its sentencing discretion

15

following a reversal of one of multiple convictions.  *See Johnson,* 2015 CO 70, ¶ 42 (recognizing that the reversal of some convictions "caused th[e] sentencing scheme to unravel, thus requiring the [district] court to reassess Johnson's sentence and exercise its sentencing discretion under new and different circumstances").  In that discussion, however, the supreme court simply concluded that the district court's reasoning for imposing a longer sentence on remand did not show actual vindictiveness:

> The [district] court's statements explaining why it did not initially consider the facts pertaining to the sexual assault when sentencing Johnson on the possession of a controlled substance conviction, and why *it felt it necessary* to consider those facts after the court of appeals vacated the kidnapping and sexual assault convictions evidence a non-vindictive reason to modify Johnson's sentence and increase the possession of a controlled substance sentence from six years to twelve years.

*Id.* (emphasis added).[2]  The supreme court did not hold that resentencing is required every time a conviction is vacated in a multi-count case.  Indeed, adopting the prosecution's position

---

[2] In addition, recall that resentencing was necessary in *Johnson* because the first division of this court had vacated the original judgment entirely.

would clash with a dominant theme of the *Johnson* decision — the district court has wide discretion in sentencing matters. *See* 2015 CO 70, ¶¶ 16, 21-22, 26, 37.

¶ 31 Given all this, we conclude that nothing in *Hernandez-Escajeda I* precluded the district court from resentencing Hernandez-Escajeda on his first degree burglary conviction and associated crime of violence conviction. On remand from this appeal, the district court has the discretion to resentence Hernandez-Escajeda if it so chooses. The court also has the discretion to decide whether to hold a resentencing hearing.

III.    Conclusion

¶ 32 The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE DUNN and JUDGE GOMEZ concur.